# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| TONY WAYNE GERALD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV619-108 |
| | ) | |
| ROBERT ADAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Tony Wayne Gerald seeks relief from his state conviction and sentence pursuant to 28 U.S.C. § 2254. *See* doc. 1. His petition reveals that he is incarcerated at Jenkins Correctional Center. *Id.* at 1. It further reveals that he was convicted in Forsyth County, Georgia. *Id.* This Court is, therefore, not the proper forum for his petition.

Federal law allows § 2254 petitions to be filed in the district within which petitioner was convicted or in the district within which he is confined. 28 U.S.C. § 2241(d); *Wright v. Indiana*, 263 F. App'x 794, 795 (11th Cir. 2008). Thus, this Court has jurisdiction over the petition. Nevertheless, it is a longstanding judicial policy and practice to funnel such petitions into the district within which the state prisoner was

convicted, since that will be the most convenient forum. *Eagle v. Linahan,* 279 F.3d 926, 933 n. 9 (11th Cir. 2001); *see also Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *see Wright*, 263 F. App'x at 795. That practice also fosters an equitable distribution of habeas cases between the districts. Forsyth County lies in the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(1). Accordingly, this case is **TRANSFERRED** to the United States District Court for the Northern District of Georgia for all further proceedings. *See* 28 U.S.C. § 1404(a) (permitting a district court to transfer any civil action to another district or division where it may have been brought for the convenience of parties and witnesses and in the interest of justice); *Rufus v. Kemp*, 2013 WL 2659983 at * 1 (S.D. Ga. June 12, 2013).

**SO ORDERED,** this 2nd day of December, 2019.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia